IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02020-LTB-CBS

JOHN AKUEI,
    Plaintiff,
v.

ACCELLENT INC.,
SHAWN MCGILVERY,
SCOTT BRUBAKER,
JEFF GLINDO, and
KENT BLOOD,
    Defendants.
_____

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL
AND REQUEST FOR SERVICE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: Akuei's request for appointment of counsel (filed November 2, 2005) (doc. # 5); and (2) Akuei's request for service (filed November 30, 2005) (doc. # 6).  Pursuant to the Order of Reference dated October 19, 2005 (doc. # 2) and the memoranda dated December 5, 2005 (doc. # 7), Akuei's requests were referred to the Magistrate Judge.  The court has reviewed the pending requests, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28

1

U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Akuei's request for appointed

counsel and to all of the appropriate factors. As a *pro se* litigant, Akuei is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Akuei has thus far adequately presented his claims unaided by counsel. Upon initial review of Akuei's Amended "Title VII Complaint" (doc. # 4), the court does not find sufficient reason to warrant the appointment of counsel. The court is within its discretion in declining to request counsel to represent Akuei.

2.      Akuei is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 (*see* attachment 2 to Title VII Complaint (doc. # 1 (receipt for $250.00 filing fee paid)), nor is he incarcerated. Akuei resides in Denver, Colorado. (*See* Amended Complaint (doc. # 4) at p. 1 ¶ 1). Akuei has not demonstrated that he is subject to any particular limitations in his ability to effect service on the Defendants. In addition, Akuei has not provided addresses where each of the named Defendants may be located. (*See* Amended Complaint (doc. # 4)). For these reasons, the court declines to request the U.S. Marshal to effect service.

Accordingly, IT IS ORDERED that:

1.      Akuei's request for appointment of counsel (filed November 2, 2005) (doc. # 5) is DENIED.

2.      Akuei's request for service (filed November 30, 2005) (doc. # 6) is DENIED.

DATED at Denver, Colorado, this 7th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge