IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02020-LTB-CBS

JOHN AKUEI,
    Plaintiff,
v.

ACCELLENT INC.,
SHAWN MCGILVERY,
SCOTT BRUBAKER,
JEFF GLINDO, and
KENT BLOOD,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Akuei's response to the court's March 2, 2006 Order to Show Cause (filed March 14, 2006) (doc. # 15) (docketed by the Clerk of the Court as "Motion to Dismiss voluntarily, per Civ. R. 41 . . ."). Pursuant to the Order of Reference dated October 19, 2005 and the memorandum dated March 15, 2006 (doc. # 16), Akuei's response was referred to the Magistrate Judge.

    The Federal Rules of Civil Procedure provide:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Akuei filed his "Title VII Complaint" on October 13, 2005. Akuei filed an Amended Complaint on November 2, 2005. On November 29, 2005, Akuei requested that this civil action be served on the Defendants "by Sheriff department." On December 7, 2005, the court denied Akuei's request for service. On December 15, 2005, Akuei again requested that this civil action be served on the Defendants "by Sheriff or U.S. Marshal." At a Scheduling/Status Conference held on February 7, 2006, the court denied Akuei's

1

second request for service and explained the basis for the ruling.  At the conference, Akuei expressed his desire to voluntarily dismiss the case.  As of this date, Akuei has not filed with the court any proof of service on the Defendants and more than 133 days has passed since the filing of the Amended Complaint.  More than 153 days has passed since the filing of the original Complaint.

On March 2, 2006, the court ordered Akuei to show cause why this civil action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants.  The court warned Akuei that failure to comply with the Order to Show Cause may result in dismissal of this civil action without further notice.

On March 14, 2006, Akuei filed his response to the March 2, 2006 Order to Show Cause.  Akuei states that on February 7, 2006, he "filed a motion requesting dismissal of the case" that "was not documented" on the court's computer system.  Akuei concedes that he has not yet served the Defendants because he "can't afford the serving charges now." Akuei seeks "preservation of the case pursuant to Rule 41 . . ." until he is "able to afford the serving fees."

The time for service has already passed.  Akuei has not demonstrated good cause for his failure to timely serve the Defendants.  What Akuei requests appears to be in the nature of administrative closure of the case.  The Tenth Circuit has "held that a plaintiff whose case is dismissed by an administrative closing order should be considered to have voluntarily dismissed its claim pursuant to Fed. R. Civ. P. 41(a)(2).  *Cantrell v. IBEW, AFL-CIO, Local 2021*, 69 F.3d 456, 457 n. 1 (10th Cir. 1995) (citations omitted).

Akuei's Amended Title VII Complaint is subject to a limitations period.  *See* 42 U.S.C. § 2000e-5(f) (Title VII action must be filed in federal district court within 90 days after receipt of determination letter from EEOC).  The EEOC issued its determination letter on July 13, 2005.  (*See* "Dismissal and Notice of Rights," attached to Amended Title VII Complaint (doc. # 4)).  Akuei filed his original Title VII Complaint exactly 90 days later, on

October 13, 2005.  (*See* doc. # 1).  Generally, a dismissal for failure to comply with Rule 4(m) is without prejudice.  *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . shall dismiss the action without prejudice").  However, should Akuei's Amended Complaint be dismissed for failure to comply with Rule 4(m), the dismissal would effectively be with prejudice, as the 90-day limitations period appears to have run between the EEOC's determination letter dated July 13, 2005 to the filing of the original Complaint on October 13, 2005.  Because dismissal of the Amended Complaint for failure to comply with Rule 4(m) would effectively be with prejudice, the court will afford Akuei one final extension of time to serve the Defendants.

      Accordingly, IT IS ORDERED that:

      1.      Akuei's "Motion to Dismiss voluntarily, per Civ. R. 41 . . . (filed March 14, 2006) (doc. # 15) is treated as Akuei's response to the court's March 2, 2006 Order to Show Cause and DENIED as a motion.

      2.      The March 2, 2006 Order to Show Cause (doc. # 14) is hereby discharged.

      3.      Akuei is afforded an extension of time **up to April 14, 2006** to serve the Defendants and to file with the court proof of service on the Defendants.

      4.      In the event that Akuei does not file with the court proof of service on the Defendants on or before April 14, 2006, the Magistrate Judge will recommend that this civil action be dismissed for failure to timely serve the Defendants and failure to prosecute.

DATED at Denver, Colorado, this 16th day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge